IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Donna Moyle Page, Individually and as Personal Representative of the Estate of Arthur Curtis Page, II, <br><br> Plaintiff, <br><br> v. <br><br> Aiken County; Aiken County Sheriff's Office; Michael E. Hunt, Individually and in his Official Capacity as Aiken County Sheriff; Christopher Owens, Individually and in his Official Capacity as Deputy of Aiken County Sheriff's Office/Aiken County; Clay Killian, Individually and in his Official Capacity as County Administrator for Aiken County; and John Does , <br><br> Defendants. | C/A No.: 1:23-cv-04757-MGL-SVH <br><br><br><br><br><br><br><br> **Plaintiff's Rule 26(f) Report Pursuant to Local Civ. Rule 26.03 (D.S.C.)** |

Pursuant to Local Civ. Rule 26.03 (D.S.C.), Plaintiff responds as follows:

(1)  **A short statement of the facts of the case**.

   In the early morning hours of May 21, 2022, Defendant Christopher Owens and other deputies with Defendant Aiken County Sherriff's Office/Aiken County initiated the pursuit of Arthur Curtis Page, II "(Decedent") as he operated a motorcycle. As Decedent turned his motorcycle onto the shoulder of Interstate 20, the motorcycle toppled when it entered the grass adjacent to the shoulder knocking Decedent off the motorcycle. As Decedent scampered into an adjacent field, Defendant Owens exited his vehicle and immediately discharged his service weapon twelve times at Decedent with five bullets striking Decedent.

   Decedent was pronounced dead at the scene.

   Decedent was unarmed and was not a threat to others at the time he was shot.

(2)  **The names of the fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

   a.  **Donna Moyle Page.** Ms. Page is the plaintiff in the action and will testify about the loss of her husband.

   b.  **Deputy Christopher Owens**. Deputy Owens is the deputy who shot and killed Decedent and it is expected he will testify as to the events that led to the pursuit and shooting.

    c. **Sheriff Michael E. Hunt.** It is expected that Sheriff Hunt will testify as to pursuit and shooting and the policies and procedures of Aiken County Sheriff's Office.

    d. **Sgt. Byrd**. Sgt. Byrd was present during and/or shortly after the shooting and it is expected that he will testify as to the events that led to the pursuit and shooting.

    e. **Deputy Christensen.** Deputy Christensen was present during and/or shortly after the shooting and it is expected that he will testify as to the events that led to the pursuit and shooting.

    f. **Deputy Mealing.** Deputy Mealing was present during and/or shortly after the shooting and it is expected that he will testify as to the events that led to the pursuit and shooting.

    g. **Deputy Franz.** Deputy Franz was present during and/or shortly after the shooting and it is expected that he will testify as to the events that led to the pursuit and shooting.

    h. **Trooper Deas.** Trooper Deas was present during and/or shortly after the shooting and it is expected that he will testify as to the events that led to the pursuit and shooting.

    i. **Clay Killian.** Mr. Killian was the County Administrator for Aiken County at the time of the shooting and it is expected that he will testify as to the policies and procedures of Aiken County and the Aiken County Sheriff's Office.

**(3)** **The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to the experts likely to be offered).**

At this time, Plaintiff has not identified any expert witnesses. Plaintiff will likely offer expert testimony regarding the use of lethal force and the training of law enforcement personnel.

**(4)** **A summary of claims or defenses with statutory and/or case citations supporting same.**

Plaintiff is seeking the recovery of survival and wrongful death damages (S.C. Code §§ 15-51-10 and 15-5-90) associated with the violation of Decedent's constitutional rights under 42 U.S.C. § 1983 and pursuant to the South Carolina Tort Claims Act.

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U. S. 527, 535 (1981) (overruled in part on other

grounds, *Daniels v. Williams*, 474 U. S. 327, 330-331 (1986)); *West v. Atkins* 487 U.S. 42 (1988).

The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U. S. 299, 326 (1941).

Municipalities and other local governmental entity are among those persons to whom § 1983 applies. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690 (1978). When the execution of a government's policy or custom, whether it be made by lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury the government as an entity is responsible under § 1983. *Monell,* 463 U.S. at 694.

Claims of "excessive force in the course of making an arrest, investigatory stop, or other 'seizure' are analyzed under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 388 (1989). The use of force is limited to "reasonable" force under the Fourth Amendment. *Graham*, 490 U.S. at 396. Deadly force may not be used to prevent the escape of an unarmed felon unless it is necessary to prevent the escape and there is probable cause to believe that the suspect poses a significant threat of death or serious physical harm to the officer or others." *Tennessee v. Garner*, 471 U.S. 1, 3 (1985). "[T]here can be no question that apprehension by the use of deadly force is a seizure subject to the reasonableness requirement of the Fourth Amendment." *Garner.*, 471 U.S. at 7.

**(5)** Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.):

    **(a)** **Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures.**

        The proposed dates are outlined in the Consent Amended Scheduling Order (attached as "Exhibit A'). The parties agree Plaintiff's and Defendants' expert disclosure deadlines are May 27, 2024 and June 27, 2024, respectively.

        In the event the need arises, Plaintiff reserves the right to request the naming of rebuttal expert witnesses on or before August 10, 2024.

    **(b)** **Completion of discovery.**

        The parties agree to a deadline of August 23, 2024 for the completion of discovery.

**(6)** **Any special circumstances that would affect the time frames applied in preparing the scheduling order.** ***See generally*** **Local Civ. Rule 16.02(C) (D.S.C.) (Content of Scheduling Order).**

The parties agree to the deadlines in the proposed Consent Amended

Scheduling Order. During the Rule 26(f) conference, attorney Christopher McCool (counsel for Plaintiff) explained to opposing counsel the need to extend the deadlines in the original Scheduling Order based on family commitments associated with his son's senior year of college basketball and associated travel for the soon to start five month basketball season. Under such circumstances and in an effort to try and avoid additional requests to amend the Scheduling Order, the parties agreed to the proposed deadlines.

**(7)** **Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.) or otherwise requested by the assigned Judge.**

None at this time.

**O'Shea Law Firm, LLC**

/s Christopher J. McCool
Christopher J. McCool (Fed. ID: 5747)
Brooklyn A. O'Shea (Fed. ID: 12681)
1120 Folly Road
Charleston, SC 29412
843-805-4943
chris@oshealaw.com
brooklyn@oshealaw.com

November 1, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Donna Moyle Page *Individually and as Personal Representative of the Estate of Arthur Curtis Page, II,* <br><br> Plaintiff, <br><br> v. <br><br> Aiken County; Aiken County Sheriff's Office; Michael E. Hunt *Individually and in his Official Capacity as Aiken County Sheriff*; Christopher Owens *Individually and in his Official Capacity as Deputy of Aiken County Sheriff's Office/Aiken County*, Clay Killian *Individually and in his Official Capacity as County Administrator for Aiken County*, John Does, <br><br> Defendants. | C/A No.: 1:23-cv-04757-MGL-SVH <br><br><br> **JOINT RULE 26(f) REPORT** |

The parties, having consulted pursuant to Rule 26(f), Fed. R. Civ. P., hereby report as follows (check one below):

_____ We agree that the schedule set forth in the Conference and Scheduling Order filed **September 28, 2023** is appropriate for this case. **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

\_\_\_\_**X**_____ We agree that the schedule set forth in the Conference and Scheduling Order filed **September 28, 2023** requires modification as set forth in the proposed Consent Amended Scheduling Order which will be -e-mailed to chambers as required (use format of the Court's standard scheduling order). **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

_____ We are unable, after consultation, to agree on a schedule for this case. We, therefore, request a scheduling conference with the Court. **The parties' proposed discovery plan as required by 26(f) Fed. R. Civ. P., with disagreements noted, and the information required by Local Civil Rule** 26.03 will be separately filed by the parties.

[SIGNATURE PAGE ATTACHED]

Respectfully submitted,

*s/ Christopher J. McCool*
Christopher J. McCool, Fed. ID 5747
Brooklyn A. O'Shea, Fed. ID 12681
O'SHEA LAW FIRM, LLC
1120 Folly Road
Charleston, South Carolina 29412
843.805.4943
chris@oshealaw.com
brooklyn@oshealaw.com

*Counsel for Plaintiff*

-     AND     -

*s/ Robert D. Garfield*
Robert D. Garfield, Fed. ID 7799
Steven R. Spreeuwers, Fed. ID 11766
CROWE LAFAVE GARFIELD & BAGLEY, LLC
2019 Park Street
Columbia, South Carolina 29201
803.999.1225
robert@crowelafave.com
steve@crowelafave.com

*Counsel for Defendants Aiken County,
ACSO, Hunt, Owens and Killian*

Columbia, South Carolina
November 1, 2023

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Donna Moyle Page *Individually and as Personal Representative of the Estate of Arthur Curtis Page, II,* <br><br> Plaintiff, <br><br> v. <br><br> Aiken County; Aiken County Sheriff's Office; Michael E. Hunt *Individually and in his Official Capacity as Aiken County Sheriff*; Christopher Owens *Individually and in his Official Capacity as Deputy of Aiken County Sheriff's Office/Aiken County*, Clay Killian *Individually and in his Official Capacity as County Administrator for Aiken County*, John Does, <br><br> Defendants. | C/A No.: 1:23-cv-04757-MGL-SVH <br><br> **CONSENT AMENDED SCHEDULING ORDER** |

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, the following schedule is established for this case. Discovery may begin upon receipt of this order.

1. A conference of the parties pursuant to Fed. R. Civ. P. 26(f) shall be held no later than **October 18, 2023**.[1] At conference the parties shall confer concerning all matters set forth in Fed. R. Civ. P. 26(f) and whether the schedule set forth in this order is appropriate and, if not, what modifications are necessary.[2]

2. No later than **November 1, 2023** the required initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made.[3]

3. No later than **November 1, 2023** the parties shall file a Rule 26(f) report in the form attached to this order. Parties are hereby notified that Local Civil Rule 26.03 (D.S.C.) lists additional queries to be answered in the Rule 26(f) Report.

---

[1] Plaintiff's counsel shall initiate the scheduling of the Rule 26(f) conference with all counsel known to plaintiff regardless of whether they have filed appearances.

[2] The parties shall also consider whether they wish to consent to trial before a United States Magistrate Judge. See attached Notice of Availability of United States Magistrate Judge.

[3] Pursuant to Fed. R. Civ. P. 26(a)(1), the parties may, by stipulation, agree not to make some or all of the Rule 26(a)(1) initial disclosures. If such a stipulation is made, it shall be confirmed in writing between the parties. See Fed. R. Civ. P. 29 and Local Civil Rule 29.01 DSC.

4. Motions to join other parties and amend the pleadings (Fed. R. Civ. P. 16(b)(1)) shall be filed no later than **February 27, 2024**.

5. Plaintiff shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiff expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by **May 27, 2024**.

6. Defendants shall file and serve a document identifying by full name, address, and telephone number each person whom Defendants expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by **June 27, 2024**.

7. Counsel shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than **June 27, 2024**. Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. (See Fed. R. Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3) (D.S.C.)).

8. Discovery shall be completed no later than **August 23, 2024**. All discovery requests, including subpoenas duces tecum, shall be served in time for the responses thereto to be served by this date. De bene esse depositions must be completed by discovery deadline. No extension of this deadline will be permitted without leave of court. No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02 (D.S.C.).

9. All other motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed. R. Civ. P. 12, and those relating to the admissibility of evidence at trial, shall be filed on or before **September 9, 2024**. (Fed. R. Civ. P. 16(b)(2)).

10. Mediation, pursuant to Local Civil Rules 16.04-16.12 (D.S.C.), shall be completed in this case on or before **November 9, 2024**. See Attached form setting forth mediation requirements. At least **thirty (30) days prior to this mediation deadline**, counsel for each party shall file and serve a statement certifying that counsel has: (1) provided the party with a copy of the mediation requirements; (2) discussed the availability of mediation with the party; and (3) discussed the timing of mediation with opposing counsel. If the parties enter mediation, they are directed to complete the attached form and return it to the Court by no later than **August 23, 2024**.

**IT IS SO ORDERED.**

_____
Shiva V. Hodges
UNITED STATES MAGISTRATE JUDGE

November _____, 2023
Columbia, South Carolina